James Kelly v. Dr. Sogge, et al., CV 08-1823 CTB

Order re 42 U.S.C. § 1983 Complaint

Plaintiff James Kelly ("Kelly"), a California prisoner who suffers from rectal bleeding, brings suit—pro se and in forma pauperis—under 42 U.S.C. § 1983 against prison doctors, Sogge and Bakewell, and prison nurses, Edmondson and Dunn, for deliberate indifference and negligence as to his serious medical needs. Kelly alleges violations of California Government Code section 845.6 on the same grounds. Kelly filed a timely complaint and exhausted administrative remedies. Kelly does not state a negligence claim under federal law; therefore, this claim is DISMISSED with prejudice. However, because Kelly states a claim for cruel and unusual punishment based on deliberate indifference, and because Kelly pleads the elements of a section 845.6 violation, the defendants shall respond to these claims. The Court thus GRANTS Kelly's in forma pauperis motion, and ORDERS the complaint, and the summons thereon, served on the defendants.

I.   Background

Kelly filed his complaint on August 6, 2008. The case was assigned to a magistrate judge and then a district court judge before being reassigned on December 23, 2008 to Judge Carlos T. Bea of the Ninth Circuit, who sits by designation. (Docket No. 8.)

Kelly's pro se complaint is difficult to follow and gives an incomplete chronology. The complaint appears to allege as follows.

Kelly, while an inmate at the California Medical Facility ("CMF"), was raped by another inmate in May 2003.[1] (Compl. at 4.) Soon thereafter, Kelly experienced rectal bleeding. (Id. & Ex. C.) This bleeding continued after his transfer to the California State Prison, Sacramento ("SAC"), and, in December 2005, Kelly sought treatment from SAC's medical staff.[2] (Id. at 5.) Dr. Bakewell,

---

[1] Kelly does not state grounds for his detention, or when he was admitted at CMF. Nor does he specify how he was raped, e.g., anally, but the Court assumes that fact in deference to the rule of favorable interpretation of pro se pleadings.

[2] Kelly does not specify when he was transferred to SAC.

a physician at SAC, prescribed Kelly medication.  (Id. & Ex. E.)  Despite recurrent complaints, Kelly was "kept on a series of pills."  (Id. at 6 & Ex. F.)  A year later, in December 2006, Dr. Bakewell and Edmondson, a SAC registered nurse, were "well aware that prescriptions alone was [sic] not effective" to cure Kelly's rectal bleeding.  (Id. at 5.)

In March 2007, Kelly went to see Dr. Sogge, a gastroenterologist, who scheduled a colonoscopy for July 2007.  (Id. at 6.)  In April 2007, Kelly filed an inmate grievance with the California Department of Corrections ("CDC").  (See id., Ex. A.)  The colonoscopy was not performed in July, and Kelly got "sicker."[3]  (Id. at 7.)  In August 2007, Dunn, the Utilization Management Nurse at SAC, told CDC that Kelly had received his colonoscopy, even though intervention by the California Attorney General's Office later revealed that Kelly had not received a colonoscopy.  (Id. at 7, Exs. A & G.)

In April 2008, Kelly finally received a colonoscopy, with which Dr. Sogge diagnosed Kelly with "colon polyp, tubular adenoma, polypoid fragment of colonic muscosa with hyperplastic changes and severe cautery artifact."  (Id. at 8 & Ex. J.)  This diagnosis confirmed Kelly's need for surgery.  (Id. at 9, 18.)  As of the filing of the complaint in August 2008, Kelly still awaits such surgery.  (Id. at 9.)

Kelly thus alleges, however inartfully, that all the defendants "collectively allowed [him] to go untreated for a condition (bleeding rectum / constipation / no bowel movement) from 2005–2008 before being tested (colonoscopy test) to [the] discovery he needs surgery for a variety of ailments."  (Id. at 18.)  Kelly seeks over a million dollars in actual and punitive damages.  (Id.)

II.   Legal Standard

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity, or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss the prisoner's complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122,

---

[3] Kelly alleges he was in continuous pain, had difficulty with bowel movement, and was constipated.  (Compl. at 6.)

2

1124, 1126–27, 1130 (9th Cir. 2000) (en banc).  Pro se pleadings must, however, be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

III.    Discussion

    A.    Statute of Limitations

As a preliminary matter, the Court finds Kelly's claims are not time barred by the statute of limitations.

        1.    Standard

To determine the proper statute of limitations for a § 1983 action, the Court must look to the statute of limitations for personal injury actions in the forum state.  See Azer v. Connell, 306 F.3d 930, 935 (9th Cir. 2002).  The Court must therefore apply California's two-year statute of limitations for such actions.[4]  Cal. Civ. Proc. Code § 335.1.[5]  Federal law, however, provides that a § 1983 claim accrues when the plaintiff "knows or has reason to know of the injury which is the basis of the action."  Elliot v. City of Union City, 25 F.3d 800, 802 (9th Cir. 1996) (internal quotation marks omitted).

        2.    Analysis

The issue therefore is whether Kelly brought suit within two years of the time when he knew, or had reason to know, of his injury.

To resolve this issue, the Court must first determine the precise injury Kelly

---

[4] California's former one-year statute of limitations for personal injury actions applies to § 1983 actions filed before January 1, 2003.  DeGrassi v. City of Glendora, 207 F.3d 636, 644 (9th Cir. 2000).  Because Kelly filed his complaint in 2008, the two-year statute applies.  See Maldonado v. Harris, 370 F.3d 945, 954–55 (9th Cir. 2004).

[5] California Civil Procedure Code section 335.1 provides a two-year statute of limitations for "assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of another."

3

alleges. Here, Kelly sought treatment for his rape in December 2005. A year later, in December 2006, Kelly was still being treated with medication, but it did not cure his symptoms; Kelly still had rectal bleeding. In March 2007, Kelly saw Dr. Sogge, who scheduled a colonoscopy for July 2007. But Dr. Sogge did not perform a colonoscopy on Kelly until April 2008, at which point Dr. Sogge discovered that a possible cause for Kelly's rectal bleeding was not his 2003 rape but a cancerous polyp.

Construing the pro se complaint liberally, as it must, the Court reads Kelly to allege that all the defendants were deliberately indifferent to his serious medical needs by delaying testing and treatment for his rectal bleeding despite knowledge that such delay would harm Kelly. (Compl. at 11.)

The next question is when Kelly knew, or had reason to know, of his injury. If Kelly's claim is that the rape caused his rectal bleeding and he was treated with deliberate indifference, his claim may have accrued in December 2006, when, after a year of taking his medications, he still had rectal bleeding. (Id. at 5–6.) If his Kelly's claim of deliberate indifference is that he has suffered progression in his cancerous condition, he had no reason to know he was suffering from cancer until April 2008, when he finally received his colonoscopy. (Id. at 8.)

In either case, Kelly's claim is not time barred because he filed his complaint in August 2008, within two years of December 2006, when the former injury may have accrued, and April 2008, when the latter injury may have accrued. Moreover, even if the injury accrued before August 2006—and, therefore, was outside the two-year limitations period—the complaint would still be timely under California's equitable tolling statute. Cal. Civ. Proc. § 352.1 (tolling the statute of limitations two years for a prisoner incarcerated for a term less than life); see Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999) (applying section 352.1).[6]

Accordingly, Kelly's complaint is not time barred.

---

[6] Subsection 352.1(c) specifically excludes from tolling § 1983 actions relating to conditions of confinement, *other than actions for damages*. Because Kelly seeks damages, however, this subsection does not apply. See Fink, 192 F.3d at 1914 n.6.

B.     Exhaustion of Remedies

   1.     Standard

Under the Prison Litigation Reform Act ("PLRA"), a prisoner "may initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed. It would be inconsistent with the objectives of the statute to let him submit his complaint any earlier than that." Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006).

   2.     Analysis

Here, Kelly both alleges exhaustion and provides documentation to support that allegation. (Compl. at 3 & Ex. A.) Exhibit A to the complaint is the CDC Director's final decision denying Kelly administrative relief for the claims alleged in this action;[7] the document expressly states: "This decision exhausts the administrative remedy available to the appellant within [CDC]." (Id., Ex. A.)

C.     In Forma Pauperis

On August 6, 2008, Kelly requested in forma pauperis status. Pursuant to 28 U.S.C. § 1915(a), Kelly filed an adequate affidavit in support of his in forma pauperis motion, along with a certified copy of his prison trust account statement. (Docket No. 2.) Accordingly, the Court allows Kelly to proceed in forma pauperis in this matter.

---

[7] In CDC, a prisoner has the right to appeal administratively "any departmental decision, action, condition or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Admin. Code tit. 15, § 3084.1(a). To exhaust these administrative remedies, a prisoner must proceed through several levels of appeal: (1) informal resolution; (2) formal written appeal on a CDC 602 inmate appeal form; (3) second-level appeal to the institution head or designee; and (4) third-level appeal to the Director of the CDC. Id. § 3084.5; Brodheim v. Cry, 584 F.3d 1262, 1265 (9th Cir. 2009). A final decision from the Director's level of review satisfies the exhaustion requirement. Aidnik v. Cal. Med. Facility, No. 2:08-cv-02583-HDM-RAM, 2009 WL 3789223, at *2 (E.D. Cal. Nov. 10, 2009) (unpublished disposition).

5

D.     Failure to State a Claim

1.     Standard

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must allege sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim has "facial plausibility" if the plaintiff pleads facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. at 1949.  Even after Twombly, "[a] document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (internal citations and quotation marks omitted).  If the complaint fails to state a claim, the Court has discretion to dismiss the complaint with or without leave to amend.  Lopez, 203 F.3d at 1124, 1130.

2.     Analysis

Kelly alleges two claims: (1) "deliberate indifference to an inmates [sic] serious medical needs," and (2) "negligence based on deliberate indifference to an inmate's serious medical needs."  (Compl. at 4, 12.)  Kelly alleges that both claims violate the Eighth Amendment, as well as California Government Code section 845.6.

The Court must make sense of Kelly's inartful pleading.  At the outset, Kelly cannot state a claim for "negligence based on deliberate indifference"; this presents a contradiction in terms.  The Court discerns three remaining claims: (1) an Eighth Amendment claim based on deliberate indifference, (2) an Eighth Amendment claim based on negligence, and (3) a section 845.6 claim based on any of the alleged conduct.  The Court considers each claim in turn, as well as the issue of punitive damages.

a.     Eighth Amendment Claim: Deliberate Indifference

To state a claim under § 1983, Kelly must allege (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged violation was committed by a person acting under color of state law.  See West v. Atkins,

6

487 U.S. 42, 48 (1988).  To establish unconstitutional treatment of a medical condition under the Eighth Amendment, Kelly must allege (1) "deliberate indifference" to (2) a "serious" medical need.  See Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).

Kelly clearly alleges an objectively "serious" medical need—i.e., one a reasonable doctor would think worthy of comment, one which significantly affects his daily activities, or one which is chronic and accompanied by substantial pain.  Id. at 546 n.3.  Indeed, Kelly alleges "a reasonable person would have known [that the bleeding] requires action," that the bleeding had a significant effect on his daily life, and that the bleeding was chronic from 2005 until the present.[8]  (Id. at 10.)

Less clear is whether Kelly pleads facts to allege subjectively "deliberate indifference"—i.e., that "a prison official . . . knows of and disregards an excessive risk to inmate health or safety."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  To act with deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id.  Under the less stringent pleading standard for pro se complaints, the Court finds Kelly's allegations sufficient with respect to each defendant.

First, Kelly alleges Dr. Bakewell and Nurse Edmondson put Kelly on medications, that they were "totally aware" of his constant visits to the medical staff for rectal bleeding, constipation, and bowel-movement problems, and that they were "well aware" that prescriptions alone were ineffective over a period of one year from December 2005 until December 2006.  (Compl. at 6.)  The Court also reads the complaint to allege they ignored his repeated requests for a colonoscopy and for surgery.  (Id. at 7.)

Next, Kelly alleges Dr. Sogge scheduled a colonoscopy for July 2007, but did not perform the procedure until April 2008, nearly a year later.  (Id. at 6–8.)  The Court reads the complaint to allege more than mere delay, but rather that Dr. Sogge ignored Kelly's repeated requests for a colonoscopy—and Kelly's insistence that no such colonoscopy was ever performed.  (Id. at 7–8.)

---

[8]  Kelly alleges he made "constant visits" to the infirmary for "continuous suffering." (Compl. at 6.)  Liberally construed, this is sufficient to allege a chronic, painful condition.  It is also enough to allege interference with daily life.

7

Finally, Kelly alleges Nurse Dunn informed the CDC Director that Kelly had received a colonoscopy in July 2007, despite Kelly's insistence that no such colonoscopy was ever performed. (Id. at 7.) The Court reads the complaint to allege that Dunn deliberately misled the CDC Director—and Kelly even provides documentation to show, at a minimum, that Dunn's representation to the CDC Director was in error. (Id., Exs. A & G.) This fact came to light following intervention by the California Attorney General's Office. (Id.)

Although "state prison authorities have wide discretion regarding the nature and extent of medical treatment," Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986), Kelly pleads facts that go beyond the exercise of discretion; Kelly alleges deliberate indifference. If, as alleged, the defendants "were aware that [a colonoscopy] had been recommended . . . , [Kelly] would have had no claim for deliberate medical indifference unless the denial was harmful." See Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (emphasis added). Here, Kelly alleges that the defendants were deliberately indifferent to his serious medical needs because they delayed testing and treatment for his rectal bleeding, despite their knowledge that such delay would harm Kelly—i.e., cause him to get "sicker" (Compl. at 11) and to endure "continuous suffering" (id. at 6). Kelly's complaint may also be construed to allege that the delay in his colonoscopy was "harmful" because it allowed his alleged cancerous condition—the colon polyp, tubular adenoma, and polypoid fragment of colonic muscosa with hyperplastic changes—to progress, lowering the probability of effective surgical treatment. (See id. at 8–11.) Indeed, Kelly alleges he is still awaiting surgery for his cancerous condition. (Id. at 9.)

Accordingly, under the less stringent standard for pro se complaints, Kelly states an Eighth Amendment claim against all the defendants.

          b.      Eighth Amendment Claim: Negligence

Kelly cannot state an Eighth Amendment claim based on negligence alone. The Supreme Court has distinguished "deliberate indifference to serious medical needs of prisoners," Estelle, 429 U.S. at 104, from "negligen[ce] in diagnosing or treating a medical condition," id. at 106, holding that only the former violates the Cruel and Unusual Punishment Clause. The Court has read Estelle for the proposition that Eighth Amendment liability requires "more than ordinary lack of due care for the prisoner's interests or safety." Whitley v. Albers, 475 U.S. 312,

319 (1986); accord Farmer, 511 U.S. at 835 ("[D]eliberate indifference describes a state of mind more blameworthy than negligence").

Accordingly, the Court dismisses with prejudice the Eighth Amendment claim to the extent it is based on negligence.

### c. California Government Code Section 845.6 Claim

Kelly also raises a pendent state-law claim under section 845.6,[9] which provides:

> Neither a public entity nor a public employee is liable for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody; but, . . . a public employee . . . is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care.

Cal. Gov. Code § 845.6. To state a claim under this section, Kelly must allege: (1) the public employee knew or had reason to know of the need (2) for immediate medical care, and (3) failed to reasonably summon such care. Jett v. Penner, 439 F.3d 1091, 1099 (9th Cir. 2006). As set out above, Kelly alleges each defendant knew of his need for additional testing and treatment, that the need for such testing and treatment was pressing, and that the defendants did not take reasonable steps to ensure Kelly's receipt of such medical care. To the contrary, Kelly alleges the defendants took steps to deny Kelly the medical care he needed.

Accordingly, under the less stringent standard for pro se complaints, Kelly states a section 845.6 claim against all the defendants.

### d. Punitive Damages

As a final matter, Kelly alleges facts that entitle him to punitive damages under § 1983, and under state law only to the extent Kelly seeks such damages

---

[9] See 28 U.S.C. § 1367; see also Bowen v. Treiber, 492 F. Supp. 2d 1206, 1208 (E.D. Cal. 2006) (construing California prisoner's section 845.6 claim as a pendent state-law claim).

against the defendants as individuals.

"Punitive damages are available against individual . . . officers in a § 1983 claim only where the officers' 'conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" Dubner v. City and County of San Francisco, 266 F.3d 959, 969 (9th Cir. 2001) (quoting Smith v. Wade, 461 U.S. 30, 56 (1983)). "[B]ecause the state of mind required to prove a [§] 1983 violation [i]s as high as that required to sustain a punitive damage award at common law, a plaintiff who satisfie[s] the former standard necessarily satisfie[s] the latter." Ngo v. Reno Hilton Resort Corp., 140 F.3d 1299, 1302 (9th Cir. 1998) (citing Smith, 461 U.S. at 55–56).

Because Kelly alleges facts as to each defendant's "deliberate indifference" in violation of the his Eighth Amendment rights, as set out above, those allegations are sufficient to show the "evil motive or intent" or "reckless or callous indifference" required to support an award for punitive damages. See Dubner, 266 F.3d at 969. Of course, Kelly ultimately cannot recover punitive damages without evidence that each defendant acted with the necessary mental state. See Ward v. City of San Jose, 967 F.2d 280, 286 (9th Cir. 1991) (affirming summary judgment where plaintiff provided no evidence that officers acted with evil intent); Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988) (stating that "[s]weeping conclusory allegations will not suffice to prevent summary judgment").

However, "California Government Code [section] 818 bars any award of punitive damages against a public entity." Westlands Water Dist. v. Amoco Chem. Co., 953 F.2d 1109, 1113 (9th Cir. 1991); see also Kizer v. County of San Mateo, 53 Cal. 3d 139, 146 (1991). Although suits against public officials in their official capacities are "equivalent to a suit against the governmental entity itself," see Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991), suits against public officials in their individual capacity are not.

Accordingly, the Court does not strike Kelly's prayer for punitive damages on his § 1983 claim. Nor does the Court strike this prayer on Kelly's pendent state-law claim to the extent Kelly seeks punitive damages against the defendants as individuals, rather than against the state.

IV.     Conclusion

In accordance with the above, IT IS HEREBY ORDERED:

1. Kelly's in forma pauperis motion is granted.

2. The second claim (Eighth Amendment negligence), above, is dismissed with prejudice.

3. The Court finds Kelly's pro se complaint alleges facts sufficient for preliminary screening purposes, see 28 U.S.C. § 1915A, on the first (Eighth Amendment deliberate indifference) and third (pendent state-law) claims, above. Service of the summons and complaint is proper for defendants Dr. Sogge, Dr. Bakewell, Edmondson, and Dunn on these claims.

4. The Clerk of the Court shall send Kelly four (4) return of service (USM-285) forms, one summons, an instruction sheet, and a copy of the complaint filed August 6, 2008.

5. Within thirty (30) days from the date of this Order, Kelly shall complete the attached Notice of Submission of Documents and submit the following documents to the Clerk of the Court:

   (a)   The completed Notice of Submission of Documents;

   (b)   One (1) completed summons for each defendant listed in number 3 above;

   (c)   One (1) completed return of service (USM-285) form for each defendant listed in number 3 above; and

   (d)   Five (5) copies of the endorsed complaint filed August 6, 2008.

6. Kelly need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the Clerk of the Court shall deliver those documents to the United States Marshal, who shall serve the above-named defendants with those documents pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

11

      7.  If Kelly fails to submit to the Clerk of the Court the Notice of Submission of Documents and the other required documents within thirty (30) days of the date of this Order, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice.  <u>See</u> Fed. R. Civ. P. 41(b).

| | |
|---|---|
| Dated: January 7, 2010 | /s/CarlosT.Bea |
| | CarlosT.Bea |
| | United States Circuit CourtJudge |

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| **KELLY,** | ) | 2:08-cv-01823-CTB |
| | ) | |
| Plaintiff, | ) | |
| | ) | NOTICE OF SUBMISSION OF |
| vs. | ) | DOCUMENTS |
| | ) | |
| SOGGE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
|_____| ) | |

    Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

    _____    completed summons form

    _____    completed USM-285 forms

    _____    copies of the _____
                           Complaint/Amended Complaint

DATED:

                                          _____
                                          Plaintiff

1