James Kelly v. Dr. Sogge, et al., CV 08-1823 CTB

Order re Motion to Dismiss

Plaintiff James Kelly ("Kelly"), a California prisoner proceeding pro se, sued prison doctors, Sogge and Bakewell, and prison nurses, Edmondson and Dunn, for deliberate indifference and negligence as to his rectal bleeding, in violation of 42 U.S.C. § 1983 and California Government Code section 845.6.  At the preliminary screening stage, the Court dismissed Kelly's negligence claims for failure to state a claim upon which relief can be granted, and ordered service of process on the defendants as to Kelly's deliberate indifference claims.  Defendants Bakewell, Edmondson, and Dunn now move to dismiss Kelly's deliberate indifference claims under Federal Rule of Civil Procedure 12(b) for failure to exhaust administrative remedies.[1]  Kelly has failed to file an opposition.  The Court GRANTS the motion to dismiss, DENIES Kelly's motion for medical attention as moot, and ORDERS the Clerk of Court to close this case.

I.    Background

Kelly's complaint alleged as follows.  After a prison anal rape in May 2003, Kelly suffered rectal bleeding and constipation.  (Compl. 4.)  In December 2005, Kelly sought medical treatment from the defendants, who were doctors and nurses at California State Prison, Sacramento ("CSP-SAC") where Kelly was imprisoned. (Id. at 5.)  Dr. Bakewell prescribed Kelly medication but, by December 2006, Dr. Bakewell and Nurse Edmondson were "well aware that prescriptions alone was [sic] not effective" to cure Kelly's rectal bleeding.  (Id.)  In March 2007, Dr. Sogge scheduled a colonoscopy for Kelly in July 2007, but the colonoscopy did not take place until April 2008, in part because Nurse Dunn misinformed prison officials that Kelly had received his colonoscopy in July 2007.  (Id. at 6–7.)  Kelly got "sicker" due to the delay in his colonoscopy, which finally confirmed his need for surgery to treat a "colon polyp, tubular adenoma, polypoid fragment of colonic mucosa with hyperplastic changes and severe cautery artifact." (Id. at 8.)  Kelly seeks over a million dollars in actual and punitive damages.  (Id. at 18.)

---

[1]  On April 20, 2010, the summons was returned unexecuted as to Defendant Sogge.  (Docket No. 37.)  The Court does not ask Kelly for further information to effect service of process on Sogge, as in the normal course, because the Court dismisses Kelly's complaint without prejudice.

In April 2007, Kelly filed an inmate grievance with prison officials at the CSP-SAC.  This grievance, attached as Exhibit A to Kelly's complaint, reads:

> I put in sick call slips, but to no reveal [sic] on getting my medication.  A laxative, and high blood pressure medication with Aprodine syrup, for allige [sic] I have, and cough.  I would like a log number and my medication with a completion of This 602 Though [sic] All levels 1, 2, [and] 3[.]

(Id., Ex. A.)  Elsewhere on the grievance form Kelly mentions he has had problems with bowel movement, and that he has run out of laxatives.  (See id.)  Prison officials assigned Kelly's grievance log number 07-00964, provided Kelly with medication, and allowed him to appeal his grievance to the Director of the California Department of Corrections, who denied his appeal because "the contention that [Kelly] has not received adequate medical care is refuted by the medical records and professional staff familiar with the appellant's medical history."  (Id.)  The Director mistakenly noted that Nurse "Dunn confirmed that on July 2, 2007, [Kelly] had a colonoscopy[.]" (Id.)

Kelly filed a pro se complaint against Defendants Sogge, Bakewell, Edmondson, and Dunn for deliberate indifference and negligence as to his rectal bleeding in violation of § 1983 and California Government Code section 845.6.  (Docket No. 1.)  This case was assigned to a magistrate judge and then a district court judge before being reassigned on December 23, 2008 to Judge Carlos T. Bea of the Ninth Circuit, who sits by designation.  (Docket No. 8.)

At the preliminary screening stage, the Court dismissed Kelly's negligence claims for failure to state a claim upon which relief can be granted, and ordered service of process on all of the defendants as to Kelly's deliberate indifference claims.  (Docket No. 22.)  On April 5, 2010, Defendants Bakewell, Edmondson, and Dunn moved to dismiss the remaining deliberate indifference claims under Rule 12(b) for failure to exhaust administrative remedies.  The Clerk of Court served this motion on Kelly by mail on the same day.  Kelly did not file an opposition by the April 26, 2010 deadline.  L.R. 230(*l*) (providing that a prisoner's "[o]pposition, if any, . . . shall be served and filed by the responding party not more than twenty-one (21) days after the date of service of the motion.").  Twenty-eight days have passed since the motion was filed and, therefore, the motion is deemed submitted.  L.R. 135, 230(*l*).

II.    <u>Legal Standard</u>

Under the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requires "a prisoner [to] exhaust administrative remedies even where the relief sought . . . cannot be granted by the administrative process." <u>Woodford v. Ngo</u>, 548 U.S. 81, 85 (2006) (citing <u>Booth v. Churner</u>, 532 U.S. 731, 739 (2001)).

The Ninth Circuit has articulated two primary purposes for this exhaustion requirement. The first is to protect an administrative agency's authority by giving the agency the first opportunity to resolve a controversy before a court intervenes in the dispute. <u>Ngo v. Woodford</u>, 403 F.3d 620, 624 (9th Cir. 2005). The second is to promote judicial efficiency by either resolving the dispute outside of the courts, or by producing a factual record that can aide the court in processing a plaintiff's claim. <u>Id.</u> Thus, exhaustion must occur prior to filing the suit and the prisoner may not exhaust while the suit is pending. <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

The California Department of Corrections' administrative grievance system for prisoner complaints states that "[a]ny inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can reasonably demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). There are four levels of appeal: (1) informal level, (2) first formal level, (3) second formal level, and (4) third formal level, also known as the "Director's Level." <u>Id.</u> § 3084.5. A final decision from the Director's Level satisfies the exhaustion requirement. <u>Id.</u>

In <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003), the Ninth Circuit held that exhaustion of administrative remedies is an affirmative defense, and the proper method for defendants to establish nonexhaustion is to file an unenumerated Rule 12(b) motion to dismiss, rather than a motion for summary judgment. In deciding a motion to dismiss for failure to exhaust, "the court may look beyond the pleadings and decide disputed issues of fact." <u>Id.</u> at 1120. If the Court concludes that the prisoner has not exhausted administrative remedies, the proper remedy is dismissal of the claim without prejudice. <u>Id.</u>

III.   <u>Discussion</u>

The Court deems Kelly's failure to oppose the motion to dismiss for failure to exhaust as consent to the granting of the motion.  <u>See</u> L.R. 230(*l*) ("Failure . . . to file an opposition . . . may be deemed a waiver of any opposition to the granting of the motion[.]").  The Court also grants the motion on its merits.

Kelly alleged the defendants allowed him to go untreated for rectal bleeding before a belated colonoscopy test revealed his need for surgery to treat a variety of ailments.  (Compl. 18.)  On this factual basis, Kelly alleged deliberate indifference in violation of the Eighth Amendment and California law.  Defendants Bakewell, Edmondson, and Dunn offer evidence that Kelly has not exhausted administrative remedies because he has not received a final decision from the Director's Level as to any inmate grievance regarding rectal bleeding or failure to receive a colonoscopy.  In a signed declaration dated April 5, 2010, the Chief of Inmate Appeals for California states: "Kelly has not received a third level decision for a complaint regarding rectal bleeding, and failure to receive colonoscopy surgery between 2007 and 2008."  (Mot., Foston Decl. ¶ 4.)

There is no evidence before the Court to refute this fact.  Kelly's grievance log number 07-00964, attached as Exhibit A to Kelly's complaint, does not raise the same issues as in Kelly's complaint.  As the Director's Level decision itself notes, Kelly claimed only that

> he has submitted several sick call slips for laxatives, high blood pressure, cough syrup and allergy medication.  [Kelly] claims that he needs laxatives immediately since he has not had a bowel movement for six days.  [Kelly] requests the following on appeal. 1) To have this appeal assigned a log number.  2) To have his medications filled. 3) To have his appeal processed through all levels.

(Compl., Ex. A.)  While Kelly clearly exhausted his grievance log number 07-00964, it makes no mention of Dr. Bakewell and Nurse Edmondson's alleged failure to provide effective treatment.  Nor does it mention that Dr. Bakewell, Edmondson, and Dunn (or even Sogge) failed to treat Kelly's rectal bleeding from 2005 to 2008.  Moreover, although the Director's Level decision mistakenly found that Kelly had received a colonoscopy in July 2007—when, in fact, he did not receive a colonoscopy until April 2008—that finding does not alter the substance

4

of Kelly's grievance: Kelly did not complain about the failure to receive a colonoscopy in the face of rectal bleeding, but rather about the failure to receive medication in the face of constipation. (See Mot., Foston Decl. ¶ 3, "Kelly's rectal bleeding was not addressed at any level of review.")

Defendants Bakewell, Edmondson, and Dunn also offer evidence that, in December 2007, Kelly later submitted a grievance log number 08-0109 "requesting to be re-scheduled for a colonoscopy test, and to be given effective pain medication until the test," but this grievance "was canceled on January 24, 2008 at the first level of review by [a] Health Care Appeals Coordinator, pursuant to Title 15 § 3084.4(d) based on Kelly's lack of cooperation during the interview process on that date." (Mot., Pereira Decl. ¶ 3.) This evidence is inadmissible because it appears in an unsigned, undated declaration. (Id.) Even if the Court assumes that Kelly did submit such a grievance, the dispositive fact is that "Kelly has not received a third level decision for a complaint regarding rectal bleeding, and failure to receive colonoscopy surgery between 2007 and 2008." (Mot., Foston Decl. ¶ 4, emphasis added.) Therefore, Kelly has not exhausted his administrative remedies, and the Court must dismiss his remaining deliberate indifference claims without prejudice.

IV.   Conclusion

For the reasons set out above, the Court GRANTS Defendants Bakewell, Edmondson, and Dunn's motion to dismiss Kelly's complaint for failure to exhaust administrative remedies. The Court DISMISSES Kelly's complaint without prejudice. Before Kelly may refile his complaint, he must exhaust administrative remedies as to his grievances regarding rectal bleeding and failure to receive a colonoscopy.

The Court therefore DENIES Kelly's motion for medical attention (Docket No. 13) as moot, and ORDERS the Clerk of Court to close this case.

Dated: May 4, 2010                              /s/ Carlos T. Bea
                                                United States Circuit Judge